LIVINGSTON WORSTED CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13281. Promulgated December 13, 1928.

*Frederick G. Fischer, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: The petition in this case specifies that the taxes in controversy are for the years 1918, 1919, 1920, and 1921, but the statement of facts accompanying the same indicates overassessments for the years 1918 and 1919, thus depriving us of jurisdiction as to those years. *Cornelius Cotton Mills*, 4 B. T. A. 255. The statement accompanying the 60-day letter of respondent indicates no deficiency in tax for the year 1920 but a deficiency for 1921 of $4,630.34, which is the total amount of the deficiency alleged in the petition and the sole year before us.

The case was called for hearing on June 25, 1928, at which time counsel for petitioner offered to submit the case on the question of law involved, stating further that there was no question as to the facts. Thirty days were allowed for the filing of briefs. Respondent's brief was duly filed on July 19, 1928. On July 24, on motion of petitioner, the time for filing its brief was extended to August 7, 1928. On August 7 petitioner requested, by motion, an extension of time

for filing brief to August 20, which motion was granted. The time was further extended on motion of petitioner granted August 16, 1928, until August 31, 1928. On August 31, 1928, petitioner requested an extension of time to September 17, 1928, which motion was granted under date of September 1. On September 17, 1928, the time for filing petitioner's brief was, on its motion, extended to October 17, 1928. On October 17, 1928, on petitioner's motion, the time for filing said brief was extended to November 4, 1928. The reason assigned by petitioner as the basis for all continuances above recorded was the serious ill health of petitioner's counsel. In the last-mentioned motion counsel indicated that he had regained his health and would be able to file the brief within the time requested. No brief was filed on or before November 4, 1928, on behalf of petitioner nor was any explanation of its absence offered or request for additional time made.

The case was submitted on the petition and the amended answer. In his brief respondent directs attention to the fact that his amended answer denies all the material allegations of fact contained in the petition and that petitioner, having failed to submit any evidence in support of the facts alleged in the petition and denied in the amended answer, has failed in the proof of his case. As indicated above, we are without any advice as to what position petitioner takes in this case nor do we know on what theory its brief would have been based. An examination of the pleadings, however, reveals that the only facts admitted in the amended answer are the corporate existence of petitioner, the mailing of a deficiency letter by respondent, and that the taxes in controversy are income and profits taxes for the calendar years 1920 and 1921. Error on the part of the Commissioner is denied and all material allegations of fact are likewise denied.

Issue being joined as to the facts alleged by petitioner and denied by respondent, and error being denied on behalf of respondent, the burden of proof is cast upon the petitioner to establish by proper evidence its allegations. In this case it has submitted no evidence whatsoever and we have, therefore, no alternative other than to approve the deficiency determined by respondent.

*Judgment will be entered for the respondent.*